# United States District Court
# Northern District of Indiana

| | | |
|---|---|---|
| JOSHUA REBEL HAYS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:13-CV-93 JVB |
| | ) | |
| SETH OWENS, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Joshua Rebel Hays, a *pro se* plaintiff, filed a complaint under 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. (DE 1, 2.) The Court has an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen the complaint before service on the defendant, and to dismiss it if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Here, Hays is suing Seth Owens, an officer for the Indiana Department of Natural Resources, based on an incident occurring on July 23, 2012. Although Hays does not provide specifics about where the incident occurred, it can be plausibly inferred that he was at state park or similar outdoor facility. Hays asserts that he was teaching his three sons to fish, when Officer Owens approached him and asked to see his fishing license, to which Hays responded that "he was under no legal obligation to identify himself to the Defendant." Officer Owens allegedly became "hostile," telling Hays he was committing a crime and that he must produce a license. Hays's complaint is sketchy on what occurred next, but it can be discerned that Hays was issued a citation for fishing without a license. In January 2013, he was found guilty in state court and ordered to pay a fine of $8.00, along with court costs. In this lawsuit, he seeks to be compensated for the fine and other out-of-pocket expenses incurred in the state proceeding, along with an award of punitive damages "in an amount to [deter] similarly situated persons from committing the same violations."

As an initial matter, this Court has no authority to review, reverse, or otherwise invalidate the state court order finding Hays guilty of fishing without a license. Under the *Rooker-Feldman* doctrine, lower federal courts lack jurisdiction to review the decisions of state courts in civil cases. *Gilbert v. Ill. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010). In essence, the doctrine "prevents a state-court loser from bringing suit in federal court in order effectively to set aside the state-court judgment," and it applies "even though the state court judgment might be erroneous or even unconstitutional." *Id.* Hays may have some appellate remedy available in state court to have the guilty finding vacated, but he has no such remedy in this Court.

To the extent Hays has any claim against Officer Owens that survives the *Rooker-Feldman* doctrine, the claim cannot proceed for other reasons. The gist of Hays's claim is that Officer Owens had no reason for bothering him because he was not fishing without a license; he was

simply "supervising his three sons and showing them how to fish." (DE 1 at 5.) However, Hays was found guilty by the state court of fishing without a license, which negates his claim. "A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction. . . cannot be disputed in a subsequent suit between the same parties or their privies[.]" *Ross v. Bd. of Educ. of Tp. H.S. Dist. 211*, 486 F.3d 279, 282 (7th Cir. 2008) (internal citation and quotation marks omitted). These companion doctrines "protect against the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions."[1] *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (internal citation and quotation marks omitted).

Because the prior case was litigated in state court, the Court must look to Indiana law to determine whether it bars the present action. *See* 28 U.S.C. § 1738; *Marrese v. American Academy of Orthopaedic,* 470 U.S. 373, 380 (1985). Under Indiana law, "the following four requirements must be satisfied for a claim to be precluded under the doctrine of *res judicata*: 1) the former judgment must have been rendered by a court of competent jurisdiction; 2) the former judgment must have been rendered on the merits; 3) the matter now in issue was, or could have been, determined in the prior action; and 4) the controversy adjudicated in the former action must have been between the parties to the present suit or their privies." *MicroVote General Corp. v. Indiana Election Com'n,* 924 N.E.2d 184, 191 (Ind. Ct. App. 2010). A subset of *res judicata*, issue

---

[1] Although *res judicata* is an affirmative defense, dismissal at the pleading stage is appropriate if the defense is apparent from the complaint. *See Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002) ("[W]hen the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit.").

preclusion, bars the subsequent relitigation of a fact or issue that was necessarily adjudicated in the prior lawsuit. *Miller Brewing Co. v. Ind. Dep't of State Rev.*, 903 N.E.2d 64, 68 (Ind. 2009). The primary consideration in deciding whether the doctrine applies is whether the party who would be precluded had a full and fair opportunity to litigate the issue. *Id.*

There is no dispute here that the state court had jurisdiction to decide whether Hays violated state law, and it is clear that the court entered final judgment when it found him guilty of fishing without a license and imposed a fine. Hays was a party to the prior case, and he submits documentation showing that he had an opportunity to appear in court and contest the citation. (DE 1 at 8.) The court order reflects that Hays did not present any witnesses or evidence, but the state presented Officer Owens as a witness. After hearing the evidence, the judge found him guilty. Hays does not argue that the state proceeding was unfair in some way or that he did not have an opportunity to present his side; he simply believes Officer Owens should have left him alone in the first place. Under these circumstances, the Court concludes that Hays's claim is barred. If the state court erred in determining that Hays was fishing without a license, his remedy was to appeal, not to initiate a new lawsuit in federal court. *See Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002) ("In civil litigation, the final resolution of one suit is conclusive in a successor, whether or not that decision was correct.").

Hays also claims that Officer Owens was rude and unprofessional toward him during this incident, but this is not actionable under 42 U.S.C. § 1983, even if the officer's conduct rose to the level of verbal harassment. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (rude language or verbal harassment by a state actor "while unprofessional and deplorable, does not violate the Constitution."); *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987) (allegation that arresting officer used derogatory language did not state a federal civil rights claim). Similarly, Hays's

4

allegation that Officer Owen violated state law in asking him for identification does not state a claim under 42 U.S.C. § 1983. *See Sobitan v. Glud*, 589 F.3d 379, 389 (7th Cir. 2009) ("By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right."); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (observing that 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state statutes or administrative regulations).

Because the complaint fails to state a plausible federal claim, the Court declines to authorize Hays to proceed under the *in forma pauperis* statute. This opinion does not purport to adjudicate any state law claims that may be contained in the complaint, however, and Hays remains free to pursue them in state court. *See Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.,* 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claims conferring original jurisdiction prior to trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. 1367(c).").

For these reasons, the plaintiff's motion for leave to proceed *in forma pauperis* (DE 2) is **DENIED**. The plaintiff's federal claims are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B), and any state law claims contained in the complaint are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** on February 26, 2013.

  s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division